EXHIBIT A



**NAILAH K. BYRD
CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

**Court of Common Pleas**

New Case Electronically Filed:
October 14, 2019 12:29

By: DANIEL P. PETROV 0074151

Confirmation Nbr. 1841500

JULIE WILLIAMS

vs.

COLEEN GANOBCIK, ET AL.

CV 19 923244

**Judge:** MAUREEN CLANCY

**Pages Filed:** 4

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| **JULIE WILLIAMS,** <br> 932 Roslyn Avenue <br> Akron, OH 44320 <br><br> Plaintiff, <br><br> vs. <br><br> **COLEEN GANOBCIK,** <br> 26999 Arbor Lane <br> Olmsted Township, OH 44138 <br><br> and <br><br> **STERLING JEWELERS INC.,** <br> 375 Ghent Road <br> Akron, OH 44333 <br><br> and <br><br> **SIGNET JEWELERS LIMITED,** <br> 375 Ghent Road <br> Akron, OH 44333 <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.: <br><br> JUDGE <br><br> **COMPLAINT** <br><br> **Plaintiff demands a trial by jury on all issues triable of right by a jury, pursuant to Ohio Civ. R. 38** |

## INTRODUCTION

1. Plaintiff Julie Williams is an Ohio citizen.

2. Defendant Coleen Ganobcik ("Ganobcik") is a resident of Cuyahoga County, Ohio.

3. Upon information and belief, Defendants Sterling Jewelers Inc. ("Sterling") and Signet Jewelers Limited ("Signet") are foreign corporations that do business in Ohio, including Cuyahoga County. Collectively, Ganobcik, Sterling, and Signet are "Defendants."

4. Upon information and belief, Defendants maintain a corporate headquarters in Ohio.

5. Plaintiff is an "employee" within the meaning of Chapter 4112 of the Ohio Revised Code.

6. Each defendant is a "person," "individual" and an "employer" as defined and used in Chapter 4112 of the Ohio Revised Code.

7. Plaintiff was employed by Defendants until on or about April 26, 2019.

8. These claims are timely brought under Ohio law, and jurisdiction and venue are proper.

## FACTS APPLICABLE TO ALL CLAIMS

9. At all times relevant hereto, Plaintiff was over the age of forty (40).

10. Plaintiff was born on October 1, 1958.

11. Plaintiff was employed by Defendants from on or around December 7, 1998, until on or around April 26, 2019.

12. Plaintiff was qualified for the position(s) in which she was employed and for which she applied or was considered.

13. Plaintiff successfully performed the duties and responsibilities of the position(s) she held.

14. On or about April 26, 2019, Defendants terminated Plaintiff's employment.

15. Defendants did not terminate Plaintiff for any reasons related to her work performance, her adherence to company policy and practice, or for just cause.

## CAUSE OF ACTION
### (Violation of R.C. § 4112, *et. seq.* – Age Discrimination)

16. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

17. Defendants unlawfully discriminated against Plaintiff because of her age, with respect to the terms, conditions and privileges of her employment, including, but not limited to, terminating her employment, refusing to transfer, rehire or recall Plaintiff into other

available positions for which she was qualified, paying her less than substantially younger similarly situated employees, and treating Plaintiff less favorably than substantially younger similarly situated employees in violation of Chapter 4112 of the Ohio Revised Code.

18. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic damages, including, but not limited to, past and future economic and non-economic losses, back pay, front pay, lost earning capacity, pain and suffering, and the loss of salary, benefits, bonuses and other privileges and conditions of employment.

19. Defendants' discriminatory actions against Plaintiff in violation of R.C. §§ 4112.02 and 4112.99 were intentional, willful, reckless, and/or malicious, and render Defendants liable for past and future economic and non-economic compensatory and punitive damages, as well as attorneys' fees, costs, expenses, and any equitable relief that this Court deems appropriate pursuant to R.C. § 4112.99.

## PRAYER FOR RELIEF

Plaintiff Julie Williams seeks an amount in excess of $25,000 to fully, fairly, and justly compensate her for her injuries, damages, and loss, and respectfully prays that this Court enter judgment in her favor and award her past and future economic and non-economic compensatory damages, including but not limited to pain and suffering, back pay, front pay, fringe benefits, consequential damages, special damages, incidental damages, punitive damages, interest, attorneys' fees, expenses, all fees and costs, and any additional equitable relief that the Court deems appropriate, including, but not limited to, reinstatement and promotion.

Respectfully submitted,

/s/ *Daniel P. Petrov*
DANIEL P. PETROV (0074151)
dpetrov@tpgfirm.com
CHRISTOPHER P. THORMAN (0056013)
cthorman@tpgfirm.com

THORMAN PETROV GROUP CO., LPA
50 E. Washington St.
Cleveland, Ohio 44022
Tel. (216) 621-3500
Fax (216) 621-3422

*Attorneys for Plaintiff Julie Williams*

4

**EXHIBIT A**